# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ALBERT E. WOLSKE and | ) | Case No.  05-00515-TLM |
| KAREN WOLSKE, | ) | |
| | ) | |
| Debtors. | ) | SUMMARY ORDER |
| | ) | |
| _____ | ) | |

Albert and Karen Wolske ("Debtors") filed their voluntary chapter 11 petition on February 18, 2005.  The petition and related documents indicated they were assisted by attorney Gale Merrick ("Counsel").

On March 10, Debtors applied for the Court's approval of their employment of Counsel.  *See* Doc. No. 9  ("Application").  Such an application for approval of the employment of a professional under § 327(a) must be accompanied by a verified statement of the proposed professional under Fed. R. Bankr. P. 2014(a).  This Application was not.  Further, an application for approval of employment of a professional must be filed, served and presented in accord with Local Bankruptcy Rule 2014.1.  The Application here was not.  Among other

SUMMARY ORDER - 1

things, the Application did not contain the detail required by LBR 2014.1(a) and it was not served in compliance with LBR 2014.1(b).

The affidavit required under Fed. R. Bankr. P. 2014(a) was filed on August 10. *See* Doc. No. 43 ("Affidavit"). This Affidavit is perfunctory. It is doubtful that it meets the command of the Rule as it has been interpreted by decisions of this Court.

The Affidavit indicates Counsel holds no interest adverse to the "unsecured creditors" of the case. The reason for this limitation is not clear.

The Affidavit also does not disclose whether or not Counsel performed services prior to bankruptcy, though it would seem some services were necessarily performed. The Affidavit does not indicate whether or not those services were paid for or whether Counsel is a creditor of the estate. If a creditor, Counsel is not disinterested and may not be employed at least absent a waiver of all unpaid pre-petition claims.

On March 16, Counsel filed a Rule 2016(b) disclosure of compensation. *See* Doc. No. 13. This disclosure indicates that prior to the filing of the disclosure Counsel received $5,000.00 plus the amounts needed for Debtors' filing fee. Oddly, in the statement of financial affairs filed the same day (and as an attachment to Doc. No. 13), Debtors indicated in response to question number 9 that they had made no payments within the year proceeding the commencement of

SUMMARY ORDER - 2

the case to any person, including attorneys, regarding bankruptcy services. The two documents are thus inconsistent.

Under LBR 2014.1(c), an order approving employment of a professional will relate back to the date of service of the application. In this case, proper service of the Application in compliance with the Local Rule has not yet been made. Even if it might be argued that an order of approval of employment (once the other noted defects are cured and such an order could properly be entered) should relate back to the March 10 Application date, Debtors and Counsel want more. The Application asks that the effective date of the approval be February 18, 2005, the petition filing date. A request for such *nunc pro tunc* approval must be accompanied by submissions sufficient under controlling Ninth Circuit case law to allow the Court to exercise its discretion and make the approval retroactive to some earlier date. That, too, has not been done.

An order was submitted by Counsel and Debtors shortly after the August 10 Affidavit was filed. The Court has rejected that order and instead set forth in this Summary Order the reasons why an order may not properly be entered at this time. Approval of Debtors' employment of Counsel is therefore DENIED. Denial is without prejudice to further submissions in accord herewith.

SUMMARY ORDER - 3

DATED: August 15, 2005



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

SUMMARY ORDER - 4